MARK J. BOURASSA, ESQ. (NBN 7999)
JENNIFER A. FORNETTI, ESQ. (NBN 7644)
VALERIE S. GRAY, ESQ. (NBN 14716)
**THE BOURASSA LAW GROUP**
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102
Telephone:  (702) 851-2180
Facsimile:  (702) 851-2189
Email:  *mbourassa@blgwins.com*
*jfornetti@blgwins.com*
*vgray@blgwins.com*

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
***

| | |
|---|---|
| MICHAEL VOGELEY, individually, and MICHELE VOGELEY, individually, and on behalf of themselves and all other persons similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>DORAL ACADEMY OF NEVADA, a domestic nonprofit corporation;<br><br>　　　　　　　　　　Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs MICHAEL VOGELEY and MICHELE VOGELEY (collectively "Plaintiffs"), by and through their attorneys of record, The Bourassa Law Group, on behalf of themselves and all other persons similarly situated, allege upon knowledge as to themselves and their own acts, and upon information and belief as to all other matters, bring this complaint against the above-named defendant and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action for damages arising from violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Nevada Constitution, Article 15, Section 16.

**JURISDICTION AND VENUE**

2.	Jurisdiction of this Court is invoked under 29 U.S.C. § 216 and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367

3.	Venue in this District is proper because Plaintiffs and DORAL ACADEMY OF NEVADA ("Defendant") reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

4.	Plaintiff MICHAEL VOGELEY is, and at all times pertinent hereto was, a natural person who resides in Clark County, Nevada.

5.	Plaintiff MICHELE VOGELEY is, and at all times pertinent hereto was, a natural person who resides in Clark County, Nevada.

6.	Upon information and belief, at all times pertinent hereto, DORAL ACADEMY OF NEVADA is and was a Domestic Nonprofit Corporation with its principal place of business located in Las Vegas, Nevada and, at all times pertinent hereto, was a resident of Clark County, Nevada.

7.	At all times relevant herein, Defendant was an employer engaged in commerce under the FLSA, 29 U.S.C. section 201 *et seq*., and an employer under NRS 608.011.

8.	Defendant in doing the acts and omissions alleged herein, acted individually and/or through their officers, agents, employees and co-conspirators, each of whom was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by Defendant.

9.	At all times relevant herein, Defendant was the owner, partner, shareholder, manager, officer, director, agent, servant, employee and/or alter ego of his, her or its co-Defendants and in doing the things hereinafter mentioned was acting in the scope of his, her or its authority as such owner, partner, shareholder, manager, officer, director, agent, servant, employee and/or alter ego and with the permission, consent and/or ratification of his, her or its Defendants; and that each of said fictitiously named defendants, whether an individual, corporation, association or otherwise, is in some way liable or

responsible to Plaintiffs on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged.

## GENERAL ALLEGATIONS

10. At all times relevant to this Complaint, Plaintiffs were employed by Defendant.

11. Plaintiff Michael Vogeley was employed by Defendant as a nursing assistant.

12. Plaintiff Michele Vogeley was employed by Defendant as receptionist.

13. Plaintiffs Michael Vogeley and Michele Vogeley worked for Defendant at Doral Academy of Nevada located at 9625 W. Saddle Avenue, Las Vegas, Nevada 89147.

14. Although Plaintiffs and other employees regularly worked over eight (8) hours per day and/or forty (40) hours per week, Defendant failed to compensate their employees for all hours worked and failed to pay employees at least time and one half for all hours worked in excess of forty (40) per week.

15. Defendants also engaged in a scheme to make it appear as though its employees were taking required lunch and breaks and not working overtime. Plaintiffs, and Defendant's other employees, were regularly required to work through their lunch and breaks, but would still be docked a full hour of time from their timesheet for a thirty-minute lunch and two fifteen-minute breaks. Consequently, employees were working nine (9) hours per day, but only being paid for eight (8) hours.

16. As a result of Defendant's policies, Plaintiffs and Defendant's other employees were not properly paid for time worked and overtime in violation of the FLSA and the Nevada Constitution, Article 15, Section 16.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring this lawsuit as a Collective Action under the FLSA on behalf of all persons who, at any time within the applicable limitations period, were employed by Defendant as hourly, non-exempt employees (the "Collective Class").

18. Questions of law and fact common to the Collective Class as a whole include, but are not limited to, the following:

    a. Whether Defendant failed to compensate the Collective Class for all regular and overtime hours worked as required by the FLSA;

      b. Whether Defendant's actions were willful pursuant to 29 U.S.C. § 255(a);

      c. Whether Defendant's actions were in good faith; and

      d. Whether Defendant is liable to the Collective Class.

19. The first and second causes of action for violations of the FLSA may be brought and maintained as an "opt in" Collective Action pursuant to 29 U.S.C. § 216(b).

20. Plaintiffs and the other members of the Collective Class are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's common and uniform policy and practice of failing to pay for all actual time worked and wages earned, and failing to fully pay for all regular time and overtime in violation of the FLSA.

## **NEVADA CLASS ALLEGATIONS**

21. The Nevada Class consists of all persons who, within the applicable statutory period, were employed by Defendant in Nevada as hourly, non-exempt employees.

22. Plaintiffs seek certification pursuant to Fed. R. Civ. P. Rule 23 for the Nevada Class. Plaintiffs is informed and believes, and thereon alleges, that the Nevada Class is so numerous that joinder of all members would be impractical.

23. There are questions of law and fact common to the Nevada Class. Common questions of law and fact include, but are not limited to, the following:

      a. Whether Defendant failed to compensate the Nevada Class for all hours worked as required NRS § 608.016;

      b. Whether Defendant failed to pay minimum wage to the Nevada Class as required by the Nevada Constitution, Article 15, Section 16; and

      c. Whether Defendant converted the wages of the Nevada Class through improper deductions from wages.

24. Plaintiffs' claims are typical of those of the members of the Nevada Class. All are based on the same facts and legal theories.

25. Plaintiffs will fairly and adequately represent the interests of the members of the Nevada Class and have retained counsel experienced in handling class actions and employment claims.

///

26. Questions of law and fact common to the Nevada Class predominate over any questions affecting individual members of the Nevada Class, and the interests of justice and judicial efficiency will be best served by bringing this action as a class action.

**FIRST CLAIM FOR RELIEF**
**Failure to Pay Minimum Wage and Overtime**
**in Violation of the FLSA, 29 U.S.C. § 201 *et seq.***
**by Plaintiffs and the Collective Class Against all Defendants**

27. Plaintiffs hereby incorporate by reference paragraphs 1 – 26 above as if fully forth herein.

28. Defendant is engaged in commerce within the meaning of 29 U.S.C. § 203(b).

29. 29 U.S.C. § 206(a)(1) provides that an employer must pay its employees at a rate not less than minimum wage for all hours work.  Pursuant to 29 U.S.C. § 207(a)(1), Plaintiffs and the Collective Class are also entitled to wages at a rate of not less than one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) hours.

30. During the Collective Class Period, Plaintiffs and the Collective Class were not compensated at the rate of at least minimum wage for all hours worked.

31. At all relevant times, Defendant failed to pay Plaintiffs and the Collective Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by the FLSA.

32. Defendant's conduct as alleged herein constitutes a willful violation within the meaning of 29 U.S.C. § 255(a).

33. As a result of Defendant's failure to pay Plaintiffs and the Collective Class for all regular and overtime hours worked, Plaintiffs and the Collective Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

34. Defendant's conduct as alleged herein was not in good faith, and therefore Plaintiffs and the Collective Class are entitled to liquidated damages pursuant to 29 U.S.C. § 216(b).

///

///

35. It has been necessary for Plaintiffs to obtain the services of an attorney to pursue this claim, and Plaintiffs and the members of the Collective Class are entitled to recover reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**FAILURE TO PAY MINIMUM WAGE**
**(Nev. Const. Art. 15, § 16)**
**By Plaintiffs and the Nevada Class against all Defendants**

36. Plaintiffs hereby incorporate by reference paragraphs 1 – 35 above as if fully set forth herein.

37. Article 15, Section 16 of the Nevada Constitution requires that Defendant pay Plaintiffs and the Nevada Class an hourly minimum wage for each hour worked.

38. However, Defendant failed to pay Plaintiffs and the Nevada Class an amount equal to minimum wage for each hour worked. Instead, Defendant regularly required Plaintiffs and the Nevada Class to work through their thirty-minute lunch and their two fifteen-minute breaks and would then regularly deduct an hour from their pay.

39. As a result of Defendant's failure to pay Plaintiffs and the Nevada Class for all regular time and overtime hours worked, Plaintiffs and the Nevada Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

40. Defendant's conduct in failing to pay Plaintiffs and the Nevada Class for all hours worked was malicious and undertaken with the intent to defraud and oppress Plaintiffs and the Nevada Class, thus warranting the imposition of punitive damages pursuant to NRS § 42.005 sufficient to punish and embarrass Defendant thereby deterring such conduct by them in the future.

41. It has been necessary for Plaintiffs to obtain the services of an attorney to pursue this claim, and Plaintiffs and the members of the Nevada Class are entitled to recover reasonable attorneys' fees and costs pursuant to Nev. Const. Art. 15, § 16.

///

///

///

## THIRD CLAIM FOR RELIEF
### CONVERSION
**By Plaintiffs and the Nevada Class Against All Defendants**

42. Plaintiffs hereby incorporate by reference paragraphs 1 – 41 above as if fully set forth herein.

43. Plaintiffs and the Nevada Class had a right to possession of all wages earned by them as an employee of Defendant.

44. Defendant intentionally and substantially interfered with Plaintiffs' and the Nevada Class's right to possession of their earned wages by failing to pay wages for all regular and overtime hours worked.

45. Plaintiffs and the Nevada Class were harmed as a result of Defendant's conduct.

46. As a result of Defendant's failure to pay Plaintiffs and the Nevada Class for all regular and overtime hours worked, Plaintiffs and the Nevada Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

47. Defendant's conduct in converting Plaintiffs' and the Nevada Class's wages was malicious and undertaken with the intent to defraud and oppress Plaintiffs, thus warranting the imposition of punitive damages pursuant to NRS § 42.005 sufficient to punish and embarrass Defendant thereby deterring such conduct by them in the future.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief in Plaintiffs favor, and on behalf of the Classes, and that judgment be entered against Defendant for the following:

(1) For an order conditionally certifying the Collective Class as a collective action and certifying the Collective Class as alleged herein;

(2) For an order certifying the Nevada Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(3) Designation of Plaintiffs as the class representatives for the Collective Class and the Nevada Class;

(4) Compensatory damages for Plaintiffs and the Classes;

(5) For liquidated damages on behalf of Plaintiffs and the Collective Class pursuant to 29 U.S.C. § 216(b);

(6) For exemplary damages on behalf of Plaintiffs and the Nevada Class;

(7) For disgorgement and/or restitution as the Court deems appropriate, just, and proper;

(8) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(9) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(10) For any and all other relief this Court may deem appropriate.

Dated this 20th day of September 2022.

THE BOURASSA LAW GROUP

*/s/ Mark J. Bourassa*
MARK J. BOURASSA, ESQ. (NBN 7999)
JENNIFER A. FORNETTI, ESQ. (NBN 7644)
VALERIE S. GRAY, ESQ. (NBN 14716)
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102

*Attorneys for Plaintiffs*